IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN MARIE MANGYIK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-148-J |
| | ) |
| LELAND DUDEK,[1] | ) |
| *Acting Commissioner of Social Security,* | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 5th day of March, 2025, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).   *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

---

[1] Leland Dudek is substituted as the defendant in this matter pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).   The Clerk is directed to amend the docket to reflect this change.

1

merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2] Plaintiff contends that the Administrative Law Judge ("ALJ") improperly analyzed the medical opinion evidence and crafted an inaccurate residual functional capacity ("RFC"). (Doc. No. 12). Specifically, Plaintiff's takes issue with the ALJ's analysis of the medical opinions of Drs. Tania Zuniga, M.D., John Sefter, D.O., and Yvonne Reedy, Ph.D. (*Id.* at 12-19). Further, Plaintiff posits that the ALJ failed to properly evaluate her subjective statements by not carefully considering her allegations of pain and discounting her testimony based on its inconsistency with her daily activities. (*Id.* at 19-22). Plaintiff also contends that the ALJ conveyed a flawed hypothetical question to the Vocational Expert ("VE"). (*Id.* at 22-24). Having carefully considered the record, the Court disagrees with Plaintiff and finds the ALJ's decision is supported by substantial evidence.

After assessing all the evidence, the ALJ found Plaintiff had the following RFC:

[T]he undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except [she is] able occasionally to climb ramps, stairs, to balance, stoop, kneel, crouch, and crawl; never climb ladders and scaffolds; able to stand or walk up to 4 hours in an 8-hour work day; requires the option to change posture for 5 minutes every hour while continuing to work; able to understand, remember, and carry out simple instructions; able to tolerate occasional interactions with supervisors and co-workers; not to have public interactions; able to tolerate one or two changes per week in an otherwise stable work routine. Not to have teamwork assignments.

(R. 34-35). This RFC logically followed from the ALJ's analysis of medical source opinions for the following reasons.

The ALJ properly analyzed the opinions of Dr. Zuniga, Plaintiff's primary care physician, Dr. Sefter, Plaintiff's spinal surgeon, and Dr. Reedy, Plaintiff's treating psychologist, in accordance with the relevant regulations. 82 Fed. Reg. 5844-01 at 5853 (stating "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability."); *see also* 20 C.F.R. §§ 404.1520c(b) and (c). Dr. Zuniga opined that Plaintiff was physically limited in that she would miss more than three days of work per month and required the option to stand every 15-20 minutes for 30 minutes, among other limitations. (R. 555-59). The ALJ found this opinion not to be persuasive because it was dated outside the relevant period and was not consistent with the record or supported by Dr. Zuniga's treatment records. (R. 37). Similarly, Dr. Sefter opined that Plaintiff was fairly limited in that he required frequent rest breaks of 30 minutes

and was not able to push, pull, bend, kneel, or stoop, among other limitations. (R. 166-72). The ALJ found this opinion "persuasive insofar as it is not consistent with the record and it pertains to a time period more than one year after the date last insured[.]" (R. 38). This was a proper analysis for this outdated opinion. *See Cardinal v. Colvin*, No. 14-1368, 2016 WL 1237783, at *5 (E.D. Pa. Mar. 30, 2016) (stating "[t]he ALJ need only consider medical records prior to the date of last insured."); *Ortega v. Comm'r of Soc. Sec.*, 232 Fed. Appx. 194, 197 (3d Cir. 2007) (holding that the ALJ need not consider medical evidence "after [the] last insured date"). *(The Court notes the ALJ's language as to the consistency analysis of Dr. Sefter's opinion was confusing; however the parties do not contest that the ALJ did **not** rely on Dr. Sefter's opinion in crafting the RFC. (See Doc. No. 12 at 19; Doc. No. 15 at 14, 16). Regardless, had the parties raised the issue of the ALJ's consistency analysis of Dr. Sefter's opinion, the Court would have found this to be harmless error, as the ALJ correctly identified that this opinion was outside the relevant time period and, therefore, could not be relied upon in crafting Plaintiff's RFC. (R. 38); see Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011) (stating "[a]n error is 'harmless' when, despite the technical correctness of an appellant's legal contention, there is also 'no set of facts' upon which the appellant could recover."))*

The ALJ also evaluated Dr. Reedy's opinion, who likewise opined that Plaintiff was very limited in that she would miss more than three workdays per month and had marked limitations in working with others. (R. 676-80). The ALJ found this opinion not to be persuasive as it was not consistent with or supported by the record. (R. 38). This was a proper analysis given that Dr. Reedy's opinion was presented in a checkbox form. *See Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993) (stating "form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best."). Thus, Plaintiff's argument that the ALJ analyzed these opinions incorrectly is without merit.

The Court also rejects Plaintiff's arguments that the ALJ erred by failing to acknowledge the length, frequency, nature of treatment, and specialties of Drs. Sefter, Reedy, and Zuniga. (Doc. No. 12 at 16-17 (citing 20 C.F.R. § 404.1520c(c)(3)-(4)). Plaintiff misunderstands the relevant regulations. As Defendant correctly points out, the ALJ is only required to explain how he considered the factors of supportability and consistency, which are the two most important factors in determining the persuasiveness of medical source opinions, and "may" comment on the other less important factors. (Doc. No. 15 at 12 n.7); 20 C.F.R. § 404.1520c(b)(2) (stating "[w]e may, but are not required to, explain how we considered the factors in paragraphs (c)(3) through (c)(5) of this section, as appropriate, when we articulate how we consider medical opinions and prior administrative medical findings in your case record."). Here, as analyzed above, the ALJ considered the supportability and consistency factors as to each of these opinions. (R. 37-38). Further, the ALJ acknowledged that Dr. Zuniga was Plaintiff's primary care provider, that Dr. Sefter was Plaintiff's neurosurgeon, and that Dr. Reedy was Plaintiff's

treating mental health provider. (*Id.* (noting that treatment records were provided from claimant's treatment appointments with Dr. Reedy)). Accordingly, the ALJ satisfied these regulations, and remand is not required to address these other factors.

The Court is similarly unpersuaded by Plaintiff's contention that the ALJ relied on his own lay interpretation of the medical evidence. (Doc. No. 12 at 19 (citing *Doak v. Heckler*, 790 F.2d 26, 29 (3d Cir. 1986)). As the Honorable Alan N. Bloch has explained, *Doak* "does not, as Plaintiff suggests, hold that an ALJ's RFC findings must be based on a particular medical opinion . . ." *Doty v. Colvin,* No. CIV.A. 13–80–J, 2014 WL 29036, at *1 n. 1 (W.D. Pa. Jan. 2, 2014). Rather, in *Doak,* "[t]he Third Circuit did nothing more than make a substantial evidence finding in light of a limited record . . . and subsequent Third Circuit case law confirms this understanding." *Id.* It is clear that "[a]lthough reliance on State consultants' reports and treating physicians' opinions is common and ALJs are required to consider any existing State consultant reports, . . . the regulations do not require ALJs to seek outside expert assistance." *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 362 (3d Cir. 2011) (citation omitted); *see also Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006) (stating "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC."). Indeed, "[s]urveying the medical evidence to craft an RFC is part of the ALJ's duties." *Titterington*, 174 Fed. Appx. at 11.

In this matter, the ALJ did not craft the RFC based on his own lay opinion. Instead, as Defendant correctly points out, the ALJ explained that the RFC was supported by the objective medical evidence and Plaintiff's positive response to treatment. (R. 38; Doc. No. 15 at 16-17). Indeed, the ALJ specifically mentioned his rationale for every limitation included in Plaintiff's RFC at the end of his RFC assessment, stating,

> In sum, the above residual functional capacity assessment is supported by the objective medical evidence, the claimant's beneficial response to treatment, the claimant's subjective complaints to the extent they can reasonably be accepted as consistent with the evidence, the persuasive prior administrative findings, and the claimant's daily activities, all as discussed above. In terms of the claimant's symptoms of back pain, depression, and anxiety, they are accommodated by a reduced range of light work, except she is able occasionally to climb ramps, stairs, to balance, stoop, kneel, crouch, and crawl; never climb ladders and scaffolds; able to stand or walk up to 4 hours in an 8-hour work day; requires the option to change posture for 5 minutes every hour while continuing to work; able to understand, remember, and carry out simple instructions; able to tolerate occasional interactions with supervisors and co-workers; not to have public interactions; able to tolerate one or two changes per week in an otherwise stable work routine; and not to have teamwork assignments.

(R. 38). This explanation accounted for all limitations included in Plaintiff's RFC and adequately explained the ALJ's rationale for inclusion of these limitations.

Additionally, the Court rejects Plaintiff's argument that the ALJ failed to properly evaluate her subjective complaints. Plaintiff contends her testimony was consistent with the medical opinions, that the ALJ did not consider her allegations of pain, and that the ALJ erred by discounting her testimony based on her daily activities, which did not contradict her allegations. (Doc. No. 12 at 19-22). The Court first notes that, as a general matter, when an ALJ has articulated reasons supporting a "credibility" determination, that finding is afforded significant deference. *See Horodenski v. Comm'r of Soc. Sec.*, 215 Fed. Appx. 183, 188-89 (3d Cir. 2007); *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003).

Here, the Court finds that there was sufficient evidence to support the ALJ's findings regarding the veracity of Plaintiff's subjective complaints. Under the present regulations, the ALJ no longer makes a credibility determination; rather the ALJ now assesses the claimant's subjective complaints by considering the medical record, Plaintiff's own statements, statements from treating physicians, and any other relevant evidence. 20 C.F.R. § 404.1529. Here, the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her impairments not entirely consistent with the record evidence. (R. 35-36). He explained that the record showed that Plaintiff had imaging revealing degenerative disc disease and disc herniation, but no central stenosis or spinal cord deformity, that she received back surgery, her physical examinations were generally unremarkable, and that she used medication and therapy to treat her mental impairments. (R. 36-37). The ALJ also acknowledged Plaintiff's pain – noting that Plaintiff was referred to pain management, considering examination records showing that she was in moderate distress and could not get comfortable sitting, and hearing Plaintiff's testimony about her pain. (R. 36-37, 50-54, 58-65). The ALJ further recognized Plaintiff's daily activities, including driving to medical appointments, preparing simple meals, light cleaning, and grocery shopping with her mother. (R. 37). While Plaintiff reported sometimes needing assistance with personal care, she also reported helping her mother paint her house. (R. 36-37). The ALJ acted appropriately by discounting Plaintiff's allegations based on her daily activities. *See* 20 C.F.R. § 404.1529(c)(3)(i) (stating the ALJ will consider a claimant's daily activities when assessing the intensity and persistence of a claimant's symptoms); *Turby v. Barnhart*, 54 Fed. Appx. 118, 121 n.1 (3d Cir. 2002) (quoting *Burns*, 312 F.3d at 130-31) (noting it was "appropriate for the ALJ to consider 'the number and type of activities' in which the claimant engages" in assessing the claimant's subjective testimony). All told, Plaintiff's argument on this point is without merit.

Additionally, the Court rejects Plaintiff's argument that the ALJ posed a flawed hypothetical question to the VE. Plaintiff contends the ALJ failed to incorporate her moderate limitations in interacting with others and in concentrating, persisting, or

5

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 19) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 14) is GRANTED.

s/Mark R. Hornak, J.
Chief United States District Judge

ecf:   Counsel of record

---

maintaining pace into the VE hypothetical. (Doc. No. 12 at 22-24). Plaintiff argues the ALJ's limitations to simple tasks does not adequately address these limitations. (*Id.* (citing *Ramirez v. Barnhart*, 372 F.3d 546, 550 (3d Cir. 2004)). Defendant correctly points out that *Ramirez* did not establish a categorical rule that a limitation to simple tasks is insufficient to account for moderate limitations in concentration, persistence, or pace. (Doc. No. 15 at 20-22 (citing *Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198 (3d Cir. 2019)). Rather, as *Hess* instructs, the ALJ must employ a fact-specific valid explanation approach to account for these moderate limitations. Plaintiff argues this case differs from *Hess* because, here, the ALJ did not rely on any medical opinion evidence to support his RFC finding. (Doc. No. 12 at 24 n.21). The Court finds this point of distinction to be without merit. The ALJ determined Plaintiff had a moderate limitation in concentration, persistence, or pace at Step Two of the sequential process, and considering this, incorporated the limitations to simple instructions, occasional interactions with supervisors and co-workers, no public interactions, one or two changes per-week in an otherwise stable work routine, and no teamwork assignments. (R. 34-35). The ALJ explained that these limitations were based on Plaintiff's report that she had trouble paying attention for long periods of time, that she sometimes did not understand written instructions, and that she could follow spoken instructions provided she was not irritated. (R. 34). While Plaintiff was found to have good attention and concentration upon examination, (*Id.* (citing Ex. B31/13)), the ALJ gave her the benefit of the doubt and added these limitations with sufficient explanation. The fact that the ALJ incorporated these limitations without reliance on a specific medical opinion is of no significance for the reasons stated above. *See Doty*, 2014 WL 29036, at *1 n. 1. All the limitations within Plaintiff's RFC were included in the VE hypothetical. (R. 34-35, 67-68); *see Rutherford v. Barnhart*, 399 F.3d 546, 554 n.8 (3d Cir. 2005) (stating "objections to the adequacy of hypothetical questions posed to a vocational expert often boil down to attacks on the RFC assessment itself."). Accordingly, Plaintiff's argument on this point is without merit.

All told, the ALJ's findings and conclusions are supported by substantial evidence. Therefore, the Court affirms the findings of the Commissioner.

6